JUAN BAUTISTA ARGUINZONIS, Appellant, v. REGISTRAR OF GUA-YAMA, Respondent.

No. 632. Submitted March 27, 1926.—Decided March 29, 1926.

Appellant and registrar appeared by brief.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

On March 15, 1926, there was presented in the office of the secretary of this court a writing signed by Juan Bautista Arguinzonis accompanied by a "Certificate of Purchase of Real Property" issued on November 24, 1923, by the Collector of Internal Revenue of Cidra. At the foot of the certificate was a note of the Registrar of Property of Guayama of February 23, 1926, denying its record, and in the writing it was said that the decision was appealed from, without stating therein, or within the period prescribed by law, the reasons on which the appeal was based.

The certificate shows that a property belonging to Tomás Díaz García and valued at one thousand dollars was sold by public auction to Anfiloquio Gándara for the sum of eleven dollars, the amount owed by its owner to The People of Porto Rico for taxes.

Then appears a typewritten note as follows: "The real property to which this certificate of purchase refers was redeemed by Juan Bautista Arguinzonis, of age, married, and resident of Cayey, P. R., the sum of eleven dollars and thirty-four cents ($11.34) having been received on this day.— Cidra, P. R., November 27, 1923." Then follows a handwritten signature that seems to say: "Anfiloquio Gándara." The note is entirely private.

Then follows the entry of presentation of the document and lastly the refusal of the registrar to record it on the ground that the property was recorded in the name of Vicente Rivera, a person distinct from the delinquent taxpayer, and

that compliance with sections 336 and 342 of the Political Code was not shown.

■ At first sight the decision of the registrar is supported on the grounds stated, but the court will not entertain the appeal because it does not appear that Juan Bautista Arguinzonis had a right of appeal, and because, if he had, the appeal was not taken and perfected in the proper manner.

The Act authorizing appeals from decisions of registrars of property (Comp. 1911, sec. 2180 *et seq.*) gives the right of appeal to the parties interested. What interest had Arguinzonis? The private note of redemption is not invested with the authenticity necessary to be in itself of value in the registry, nor in this court; and even if so, the right of Arguinzonis to redeem the property does not arise therefrom, for that right is in the owner, his heirs or assigns, or any person having an interest therein. There is nothing to show the capacity in which Arguinzonis intervened.

■ We have said that a writing signed by Arguinzonis was filed. That writing does not mention the person in whose favor the record was asked, and it concludes by praying this court to reverse the decision denying the record and "to order the record of the document." In favor of whom? Of the purchaser at the auction sale? Of Arguinzonis? Of the original owner? The idea of recording the document in favor of the purchaser is not compatible with the appeal taken by Arguinzonis. A record in his name is not justified. A private note not authenticated in any way can not be the basis of a record of transfer of real property in the registry. The same reasoning, among others, can be applied to the idea of a record in the name of the original owner, which at all events would be a double record.

Furthermore, the appellant has not complied with Rule 92 (*a*) of this court, for he failed to file his brief within the time prescribed therefor.

Under such circumstances the appellate court has not been

put in a position to decide the appeal, wherefore it must be dismissed, the documents exhibited to be returned to Arguinzonis.